FILED
IN CLERK'S OFFICE
U.S. DISTRI...  N Y
★ MAR 12 2012 ★
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- x
EDWARD SUAREZ,

                          Plaintiff,

-against-

UNITED STATES OF AMERICA,

                          Defendant.
---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

07-cv-4438 (ENV)

**VITALIANO, D.J.**

      Edward Suarez is before the Court pro se on his petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for conspiracy to distribute and possess with intent to distribute crack cocaine and heroin. For the reasons stated below, the motion is denied, and the petition is dismissed.

## BACKGROUND

      On December 17, 2004, the government filed a superseding indictment against Suarez and several other defendants alleging that they engaged in a conspiracy to distribute crack cocaine and heroin from 1989 through 2004. On February 13, 2006, Suarez pled guilty to Count Two of the superseding indictment, which charged a conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and one kilogram or more of heroin in violation of 21 U.S.C. §§ 846(a), 841(b)(1)(A)(i) and 841(b)(1)(A)(iii).

      Prior to sentencing, a presentence report ("PSR") was prepared in the ordinary course. It reviewed Suarez's criminal history, including time spent in state prison for drug offenses. The report classified these state offenses as relevant conduct to this offense, so they were not factored into the criminal history computation. (PSR ¶¶ 28-44.) The report indicated that

1

Suarez was released from state prison on parole prior to his federal sentencing. (Id. ¶ 31.) The report calculated that petitioner's guidelines range was 324 to 405 months. (Id. ¶ 69.)

In advance of the sentencing hearing, Suarez's attorney filed notice seeking a below-guidelines sentence and objecting to the PSR's guidelines calculation on the ground that, inter alia, Suarez had served time for the related conduct in state prison. (See Case No. 04-cr-942, Docket Entry 147, Objection to Presentence Investigation Report, filed 3/20/07, ("Objection to PSR")). On March 21, 2007, after hearing oral argument, the late-Judge David G. Trager sentenced Suarez to 120 months, the statutory minimum, to be followed by five years of supervised release, and a $100 special assessment. Suarez initially filed an appeal, but signed a stipulation withdrawing it dated July 2, 2007. (See Case No. 04-cr-942, Docket Entry 161, Mandate of USCA, filed August 27, 2007.)

Suarez filed this § 2255 petition on October 22, 2007. He argues (1) that the court erred by not granting him a downward departure based on his time served in state prison as per U.S.S.G. § 5G1.3(b); and (2) that he was denied the effective assistance of counsel at his sentencing because his attorney failed to effectively argue in favor of that downward adjustment.

## STANDARD OF REVIEW

A person who has been convicted and is currently a federal prisoner may petition the sentencing court to correct, vacate, or set aside the sentence under 28 U.S.C. § 2255. The grounds for relief are very limited. The § 2255 court may only grant relief if it concludes: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' [or] (4) that the sentence 'is

otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468 (1962). Since petitioner is acting pro se, his pleadings must be construed liberally to raise the strongest arguments they suggest. See Bertin v. U.S., 478 F.3d 489, 491 (2d Cir. 2007) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

Neither of petitioner's arguments has merit: the district court did not err in its computation of his sentence, and his counsel effectively represented him at sentencing.

### A. Credit for Time Served Pursuant to U.S.S.G. § 5G1.3(b)

First, it must be noted that Suarez's claim that the sentencing court incorrectly calculated and imposed his sentence is barred because Suarez failed to raise this matter on direct appeal. "[A] claim 'may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review.'" Martin v. United States, No. 08-cv-452, 2011 WL 5507423, at *4 (E.D.N.Y. Nov. 9, 2011) (quoting Mora v. United States, No. 08–CV–3826, 2010 U.S. Dist. LEXIS 64838, at *4 (S.D.N.Y. June 29, 2010) (dismissing as procedurally barred petitioner's claims that, inter alia, his sentence was calculated incorrectly and his federal and state sentences should run concurrently because petitioner did not raise those claims on direct review)).

But, even if this claim were not procedurally barred, it would fail on the merits. The court was well within bounds in not downwardly adjusting Suarez's sentence pursuant to U.S.S.G. § 5G1.3(b). A sentencing court must look to § 5G1.3(b) when imposing a sentence on a defendant who is already "subject to an undischarged term of imprisonment." U.S.S.G. 51G.3(b). Section 5G1.3(b) provides that if the defendant has an undischarged term of imprisonment for an offense that is "relevant conduct to the instant offense," and the other

3

offense "was the basis for an increase in the offense level for the instant offense," then the court must (1) "adjust the sentence [for the instant offense] for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons;" and (2) impose "the sentence for the instant offense . . . to run concurrently to the remainder of the undischarged term of imprisonment." Id. Section 5G1.3(b) applies "only to undischarged sentences, not sentences that are already completed." United States v. Wint, 142 F. App'x 11, 13 (2d Cir. 2005); United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("If the defendant has completed his state prison term before the federal sentence is imposed, § 5G1.3 does not apply, and his federal prison term cannot be imposed concurrently.") As noted by Suarez's attorney in his sentencing submission, because Suarez had completed his state prison term prior to his sentencing in this case, the prior sentence had been "discharged," rendering Suarez ineligible for a downward departure under § 5G1.3(b). (Objection to PSR at 6-7; PSR ¶¶31-38).

Petitioner argues, however, that even though he was no longer incarcerated at the time of his federal sentencing, his state sentence was not "discharged" because he was sentenced to "life in custody" as reflected in paragraph 31 of the PSR. A careful reading of paragraphs 31 and 32 of the PSR reveals, quite differently, that Suarez was sentenced to "three years to life in custody" on November 14, 1989, and originally released on parole on July 10, 1992. PSR ¶¶31-32. Since then, he has been in and out of state prison several times due to repeated parole revocations, but was, most relevantly, released on parole again on November 4, 2004. Id. Though not requiring physical custody, it is true that, according to New York state law, a prisoner who is released on parole, as Suarez was at the time of his federal sentencing, "shall

4

continue service of his or her sentence or sentences while on parole . . . ." New York Penal Law § 70.40(1)(a). Thus, petitioner argues that by the terms of New York state law, his "sentence" was not completed when he was released on parole, meaning that his state sentence remained undischarged at the time he was sentenced in this case.[1]

Rejection of this argument is founded on United States v. Hill, No. 10-5039-cr, 2012 WL 181594 (2d Cir. Jan. 24, 2012), where the Second Circuit recently considered the argument Suarez presses and declined to adopt a rule that would classify paroled defendants' state sentences as undischarged based on state-law paper classifications, noting that the majority of the circuits which have addressed this issue "have held that as a matter of uniform federal law a sentence is discharged once the defendant is no longer in prison." Id. at *2 (collecting cases). Therefore, because his release date from state prison was prior to his sentencing in this case, Suarez's state sentence is considered discharged and, consequently, he was ineligible for a downward departure in sentence under § 5G1.3.[2]

B. *Ineffective Assistance of Counsel*

Petitioner's ineffective assistance of counsel claim is similarly meritless. There is no

---

[1] Though petitioner does not raise this specific argument, the Court construes his petition liberally and will consider it.

[2] Suarez's petition also mentions U.S.S.G. § 5K2.23, which states that "a downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of imprisonment be undischarged at the time of sentencing for the instant offense." U.S.S.G. § 5K2.23. Whether to grant a downward departure under § 5K2.23 is a matter committed to the sentencing court's discretion. See, e.g., Martin v. United States, No. 08-CV-452, 2011 WL 5507423, at *8 (E.D.N.Y. Nov. 9, 2011) ("Section 5K2.23 . . . provides authority for a discretionary downward adjustment . . . ."). Judge Trager's decision not to give petitioner credit for state time under this provision was certainly not in error and was well within his discretion, especially considering that the Court ultimately sentenced petitioner to the statutory minimum, rather than even the lowend guidelines calculation of 324 months.

5

argument or evidence of any error or omission of counsel that rises to the constitutionally deficient proportions necessary to support a claim of ineffective assistance of counsel.

Plainly, a petitioner must first demonstrate counsel's deficient performance by showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). This requires "that counsel's representation fell below an objective standard of reasonableness," considering "all the circumstances" and "prevailing professional norms." Id. at 688. Second, a defendant must establish that "the deficient performance prejudiced his defense," by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. To do this, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

When assessing a claim of ineffective assistance, courts "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. A petitioner bears the burden of proving that counsel's performance was unreasonable under prevailing professional norms. Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S. Ct. 2574 (1986). At bottom, a court "should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. (citing Strickland, 466 U.S. at 696)

Suarez claims that he was denied effective assistance of counsel at his sentencing

because his attorney failed to argue for a downward departure based on U.S.S.G. § 5G1.3(b). He asserts that if his attorney had raised this argument prior to or at sentencing, he would have received credit for his time in state prison.

As discussed supra, Suarez is mistaken about the applicability of § 5G1.3(b): he was ineligible for relief under § 5G1.3(b) because his state prison term had already been discharged at the time of his federal sentencing. Suarez thus cannot meet even the first prong of the Strickland test because it cannot be said that his attorney's performance "fell below an objective standard of reasonableness," 466 U.S. at 688, as a result of his failure to request a downward adjustment pursuant to a provision that was unavailable to his client. Furthermore, and to the contrary, it seems that Suarez's attorney was, indeed, very effective. He addressed petitioner's past time served in state prison in the objection to the PSR he filed prior to sentencing, which advanced the argument that Suarez's state time should count against the sentence imposed pursuant to § 5K2.23 and 18 U.S.C. 3585(b). (Objection to PSR at 6-7). Dispositively, based on the sentencing transcript, Suarez's attorney's convincing oral arguments helped to secure a statutory minimum sentence, well below the guidelines range calculated in the PSR. (Sentencing Tr. at 4:5-6:24, Mar. 21, 2007).[3] Simply put, the ineffectiveness of counsel claimed by petitioner has no basis in fact or law. Finally, reviewing the record beyond petitioner's claims of error, there is nothing that would remotely suggest a basis to support any other ground that would support any kind of relief under § 2255.

## CONCLUSION

---

[3] Indeed, it appears that Judge Trager was ready to sentence Suarez to 168 months, but counsel's subsequent arguments convinced the Court that a sentence of 120 months was more appropriate.

For the foregoing reasons, the petition of Edward Suarez under § 2255 is dismissed and the motion to vacate, set aside, or correct his sentence is denied. No writ shall issue. Additionally, as petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917 (1962).

The Clerk is directed to enter judgment in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
       February 27, 2012

                                              s/ ENV
                                              _____
                                              ERIC N. VITALIANO
                                              United States District Judge